UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

                                Plaintiff,        CRIMINAL CASE NO. 05-80355-1

v.

RICHARD BLANCHARD                 HONORABLE SEAN F. COX
                                                             U.S. DISTRICT JUDGE
                               Defendant.
_____/

## **ORDER DENYING DEFENDANT RICHARD BLANCHARD'S MOTION FOR NEW TRIAL AND MOTION FOR JUDGMENT OF ACQUITTAL AFTER RETURN OF JURY VERDICT**

        Now before the Court is Defendant Richard Blanchard's Motion for New Trial and Renewed Motion for Judgment of Acquittal After Return of Jury Verdict [docket entry #110]. Defendant seeks a judgment of acquittal, pursuant to Federal Rule of Criminal Procedure 29, and seeks a new trial, pursuant to Federal Rule of Criminal Procedure 33. For the reasons stated below, the Court will deny Defendant's motion.

**I.    Background**

        Richard and Karen Blanchard, husband and wife, were indicted on April 12, 2005, in a twenty-three count indictment related to alleged tax improprieties. After initial matters proceeded before the Honorable John Feikens, the case was administratively reassigned to the undersigned on September 6, 2006. On November 30, 2006, and January 19, 2007, the Court held hearings on the outstanding motions, including Defendants' motions to dismiss and the motions to sever the trial. The Court denied the motions to dismiss and granted the motions to sever in a written order on July 3, 2007.

Defendant Richard Blanchard proceeded to trial on August 9, 2007. The trial continued through August 22, 2007, when the jury delivered its verdict. Defendant was convicted in Counts 6 through 20 for violations of 26 U.S.C. § 7202 (failure to collect or pay over tax) and in Counts 21-23 for violations of 18 U.S.C. § 287 (false claims for refund). Defendant was acquitted in Counts 1 through 5, charges for violations of 26 U.S.C. § 7201 (income tax evasion). Defendant Richard Blanchard now seeks a judgment of acquittal or a new trial. In support of this motion, he asserts several arguments. After setting forth the applicable legal standard, the Court will consider his arguments in turn.

## II.     Legal Standard

### A.     Judgment of Acquittal

Federal Rule of Criminal Procedure 29, pertaining to motions for a judgment of acquittal, states that the Court "must enter a judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction." Fed. R. Crim. P. 29(a). When considering a Rule 29 motion for a judgment of acquittal, the Court must determine "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Humphrey*, 279 F.3d 372, 378 (6th Cir. 2002) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)(emphasis in original)). "Circumstantial evidence alone, if substantial and competent, may support a verdict and need not remove every reasonable hypothesis except that of guilt." *Id*. (quoting *United States v. Keeton*, 101 F.3d 48, 52 (6th Cir. 1996)). Furthermore, the Court must "draw all available inferences and resolve all issues of credibility in favor of the jury's verdict." *United States v. Salgado*, 250 F.3d 438, 446

(6th Cir. 2001). The granting of a motion to acquit should be "confined to cases where the prosecution's failure is clear." *Keeton*, 101 F.3d at 52 (6th Cir. 1996) (quoting *Burks v. United States*, 437 U.S. 1, 17 (1978)).

### B. New Trial

When considering a motion for a new trial, the Court begins its analysis with Federal Rule of Criminal Procedure 33(a): "Upon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires." Fed. R. Crim. P. 33(a). "The decision to grant or deny a motion for new trial rests within the district court's sound discretion. . . . The defendant bears the burden of proving that a new trial should be granted." *United States v. Davis*, 15 F.3d 526, 531 (6th Cir. 1994) (citing *United States v. Seago*, 930 F.2d 482, 488 (6th Cir. 1991)). "Motions for a new trial are not favored and are granted only with great caution." *Garner v. United States*, 529 F.2d 962, 969 (6th Cir. 1976)(citing *United States v. Hoffa*, 382 F.2d 856, 862 (6th Cir. 1967), cert. denied, 390 U.S. 924 (1968)).

## III. Analysis

### A. Section 287 Charges, Counts 21-23

Defendant first argues that a judgment of acquittal is appropriate as a matter of law on Counts 21 through 23, the violations of 18 U.S.C. § 287. Defendant claims that it is a legal impossibility for him to have made false claims of refunds under the factual circumstances presented. Defendant also argues that the evidence adduced at trial was insufficient to support a conviction on these charges. Finally, Defendant asserts that the Court issued a "confusing and erroneous jury instruction," improperly declined to provide Defendant's theory of the case

instruction, and failed to admit a 2001 tax form instruction manual.

### 1. Legal Impossibility and Sufficiency of Evidence Claims

Defendant argues that the evidence presented at trial established that R. Blanchard Construction Company, the company owned and operated by Defendant Richard Blanchard and his wife, paid him only net wages. As a result, Defendant argues, taxes were actually withheld by his employer and he was properly entitled to a tax credit on his return for the withholding regardless of whether the taxes were actually paid over to the government. *See Slodov v. United States*, 436 U.S. 238, 243 (1978) ("[O]nce net wages are paid to the employee, the taxes withheld are credited to the employee regardless of whether they are paid by the employer . . . ."); *Reph v. United States*, 615 F. Supp. 1236, 1241 (D. Ohio 1985)("Once net wages are paid to an employee, he is credited with the withheld taxes regardless of whether his employer pays the government at the end of the quarter.") Consequently, according to Defendant, it was legally impossible for him to have filed a "false" return for a refund based upon the credit he sought on his tax return for the wages withheld.

Defendant also cites *United States v. Creamer*, 370 F. Supp. 2d 715 (N.D. Ill. 2005) in support of his argument. In *Creamer*, the court rejected the government's argument that the defendant could be convicted of filing false tax returns in violation of 26 U.S.C. § 7206(1) when the defendant sought credit for taxes withheld by his employer, even though the defendant knew that the taxes withheld had not actually been paid over to the government. *Creamer*, 370 F. Supp. 2d at 734-35. *But see*, *United States v. Gollapudi*, 130 F.3d 66, 71-72 (3d Cir. 1997). Defendant Blanchard argues that like the defendant in *Creamer*, even if he had knowledge that the taxes were not actually paid over by his employer, he is nevertheless entitled to the credit on his tax return

4

"without any reference to his knowledge." *Id.* at 734.

Although *Creamer* does provide some framework for Defendant's position, just as when this issue was considered at trial, the Court finds the case of *United States v. May*, 174 Fed. Appx. 877 (6th Cir. 2006) more directly analogous to the instant case. In *May*, the Court set forth the factual background of the case:

> May operated and controlled the finances of Maranatha Financial Group, Inc., as its registered agent, majority shareholder, and president. . . . Although May filed individual income tax returns for 1995 and 1996, he failed to pay over taxes he reported withholding from his own salary. The taxes May claimed to have withheld from his and his employees' paychecks remained in Maranatha's bank account. . . .

*May*, 174 Fed. Appx. at 878.

Just as in the present case, May had argued that because the evidence proved "that the taxes were actually withheld, he should receive credit for those taxes and thus cannot be convicted of tax evasion. As proof that the taxes were actually withheld, May point[ed] to his pay stub from Paychex- a payroll processing company that issued paychecks to Maranatha's employees in 1995 and 1996- reporting taxes it deducted from Maranatha employees' wages." *Id.*

The Court began by recognizing that, "If the taxes are *actually withheld* from the employee's wages, but not remitted to the IRS, the employee may credit the taxes against his tax liability. 26 U.S.C. § 31." *Id.* at 879 (emphasis in original). However, the Court then considered the evidence established at trial:

> [N]either Paychex nor May, acting on behalf of Maranatha, actually withheld taxes from May's wages. May gave Paychex funds covering on the employees' wages; Paychex never received or possessed the gross pay sums. May, moreover, retained those corporate funds (the difference between the gross and net pay due employees) in Maranatha's corporate bank account, an account May personally controlled and

accessed for personal expenditures.

*Id.*

Such is the case here. Like *May*, Defendant Richard Blanchard controlled and operated the company that was his employer, R. Blanchard Construction, Inc. Defendant Blanchard, like May, also utilized Paychex, a payroll processing company, to prepare the company's employees' paychecks. Also like May, Blanchard affirmatively refused to allow Paychex to handle the payment of taxes and provided Paychex with only the net pay of his employees. As a result of this payroll processing arrangement, the corporate funds allegedly representing the withholdings remained in the corporate accounts that were controlled by defendants May and Blanchard, respectively. Also just like in *May*, Defendant then used these funds for personal expenditures.

Reviewing all the circumstances, the Court in *May* concluded that the evidence supported a finding that "May did not actually withhold the taxes from his wages as reflected on his Paychex pay stub [and therefore], May cannot claim a credit for those taxes." *Id.* The Court finds no distinction from the present case. A reasonable trier of fact could have concluded beyond a reasonable doubt, *see Jackson*, 443 U.S. at 319, that the payroll taxes were not actually withheld by Defendant Blanchard. Therefore, *Slodov*, 436 U.S. at 243, appears inapposite and Blanchard– like May– could be convicted of filing a false tax return when he claimed a credit for the "withholdings." *See May*, 174 Fed. Appx. at 878. *Cf. Gollapudi*, 130 F.3d at 71-72. Based upon this analysis, Defendant's legal impossibility claim and insufficiency of evidence challenge must be rejected.

## 2. Jury Instructions and Failure to Admit Tax Instruction Booklet

Next, the Court addresses Defendant's remaining arguments as to the § 287 charges. Defendant asserts that, in the alternative to a judgment of acquittal on these charges, Defendant is entitled to a new trial due to the "confusing and erroneous instruction" relating to the § 287 charges, the Court's refusal to give Defendant's theory of the case instruction, and the the Court's failure to admit a 2001 income tax instruction booklet. Defendant's justification for these points, in its entirety, is that "[t]he totality of these errors, each individually significant, sufficiently caused confusion of the jury an a new trail is warranted. It would be an abuse of discretion to not grant a new trial under the circumstances." Def's Br., pp. 6-7.

The Court has reviewed these arguments, as undeveloped as they are, and fails to find that Defendant has overcome his burden of proving that a new trial should be granted. *See United States v. Davis*, 15 F.3d 526, 531 (6th Cir. 1994). First, Defendant has presented no reason why the instruction given to the jury was erroneous or confusing. The jury instruction[1], crafted after serious

---

[1]Defendant's proposed jury instruction on this issue read:
Tax withholding– withholding occurs from an employee's wages when a net check is issued to the employee. It is not necessary for funds withheld to actually be segregated in a separate account or treated differently from other funds for withholding to occur.
Def's Br., p 2.
The Court declined to give the instruction as proposed by Defendant and instead gave Jury Instruction #46, which contained two separate parts:
<u>Withheld Amounts Deemed Credited to Employees</u>
For the purposes of Counts 21-23:
(1) If taxes are actually withheld, once net wages are paid to the employee, the taxes withheld are credited to the employee regardless of whether they are paid by the employer, so that the IRS has recourse only against the employer for their payment.
(2) It is not necessary for funds withheld to actually be segregated in a separate account or treated differently from other funds for withholding to occur.

7

consideration by both parties and the Court, carefully reflected the law. The instruction provided that if wages were actually withheld, the taxes were creditable to the employee regardless of whether they were paid over to the government by the employer. This instruction incorporates the rules of both *Slodov* and *May.* Furthermore, taken as a whole, the Court finds that the instructions were neither confusing, misleading, or prejudicial. *See e.g.*, *United States v. Prince*, 214 F.3d 740, 760-61 (6th Cir. 2000)(citations omitted). Second, Defendant has failed to present any argument in rebuttal of the Court's ruling during the trial that the proposed defense theory instruction presented a distinct legal theory rather than being merely Defendant's view of the case. *See United States v. Chowdhury*, 169 F.3d 402, 407 (1999)(citing *United States v. Frost*, 125 F.3d 346, 372 (6th Cir. 1997)); *United States v. Mack*, 159 F.3d 208, 218 (6th Cir. 1998); *United States v. Blane*, 375 F.2d 249, 252-54 (6th Cir. 1967). Furthermore, Defendant is unable to demonstrate that other instructions did not already substantially cover the subject matter of the proposed instruction. *See United States v. Williams*, 952 F.2d 1504, 1512 (6th Cir. 1991). Finally, Defendant has failed to present any justification to support a claim that the Court improperly excluded the 2001 tax return instruction booklet. Accordingly, the Court denies Defendant's request for a new trial on each of these grounds.

### B. Section 7202 Charges, Counts 6 through 20

Defendant next argues that a judgment of acquittal or a new trial is warranted with respect to Counts 6 through 20, violations of 26 U.S.C. § 7202, a willful failure to collect or pay over tax. Defendant asserts that the Court gave erroneous instructions of law as to the elements of the offense,

---

Jury Instructions, #46 [docket entry #102].

that the Court incorrectly determined that Counts 6 through 20 were not subject to dismissal due to the expiration of the statute of limitations, and that there was insufficient evidence to support a conviction on these charges.

### 1. Erroneous Jury Instructions

#### a. Disjunctive Reading of the Statute

First, Defendant argues that the jury instructions on these counts were erroneous for several reasons. Defendant maintains that the instructions erroneously allowed the jury to find Defendant guilty if he *either* failed to truthfully account for *or* pay over employment taxes, even though the statute requires a defendant to *both* fail to account for *and* a failure to pay over the taxes.

The Court considered this issue at trial and concluded that a disjunctive reading of the statute– requiring that Defendant only fail to *either* truthfully account for *or* pay over employment taxes– was appropriate. *See United States v. Evangelista*, 122 F.3d 112, 121 (2d Cir. 1997) (the statute "creates a dual obligation- to 'truthfully account for and pay over' trust fund taxes- that is satisfied only by fulfilling *both* separate requirements. Accordingly, the command of the statute is violated by one 'who willfully fails' *either* to 'account for' *or* to 'pay over' the necessary funds."). Although *United States v. Poll*, 521 F.2d 329 (9th Cir. 1975), now cited by Defendant, could have once supported a claim that the Government must show that Defendant failed to both 'account for' *and* 'pay over,' employment taxes in order to support a conviction, the Ninth Circuit later acknowledged that its statements in *Poll*, "as to whether § 7202 required the failure to both account for and pay over the tax[,] were dicta." *See United States v. Gilbert*, 266 F.3d 1180, 1183 (9th Cir. 2001). *See also Evangelista*, 122 F.3d at 121; *United States v. Brennick*, 908 F. Supp. 1004, 1015

9

(D. Mass. 1995). Accordingly, the Court finds nothing in Defendant's argument to demonstrate that the instruction given, based upon a disjunctive reading of the statute, was erroneous.

### b. Rejection of Defendant's "Ability to Pay" Element

Defendant also argues that the instructions were erroneous in that the Court refused to include the ability to pay the tax as an essential element of the offense. Defendant again relies upon *Poll*, 521 F.2d 329, in this regard.

The Court adequately considered this issue at trial and concluded that the ability to pay was not an essential element of the crime. The Court reached this decision on several grounds. First, the statute defines the elements of the crime and the statute contains no mention of ability to pay. Second, a fair reading of the language of *Poll* reflects that an inability to pay is not an element standing alone but is instead relevant to the element of willfulness. *See Poll*, 521 F.2d *at* 333 (beginning its discussion of the issue, "We believe that *to establish willfulness* . . . the Government must establish beyond a reasonable doubt that at the time payment was due the taxpayer possessed sufficient funds to enable him to meet his obligation. . . ."). Furthermore, to the extent that *Poll* was construed to establish an additional element of an ability to pay, the Court of Appeals for the Ninth Circuit has subsequently clarified its holding, stating, "We held [in *Poll*] that evidence of a lack of funds with which to pay the taxes was relevant on the issue of willfulness. The *Poll* holding is only applicable to the criminal test of willfulness." *Sorenson v. United States*, 521 F.2d 325, 328 n.3 (9th Cir. 1975). *See also United States v. Easterday*, No. CR 05-00150, 2007 WL 2023500 (E.D. Cal. Jul. 12, 2007). Third, the Sixth Circuit rejected Defendant's argument that ability to pay was a separate element in *United States v. Ausmus*, 774 F.2d 722, 725 (6th Cir. 1985)(rejecting the

defendant's claim that "the United States must prove that, at the time defendant filed the returns, Defendant possessed readily available funds so that he could pay his taxes."). As a result, when establishing the jury instructions to be used in this case, the Court rejected Defendant's attempt to include a fourth element, an ability to pay, in the jury instructions on this charge. Defendant's present attempt to rehash the arguments about this issue are no more persuasive now than they were at trial.

### c. Unanimity and a Special Verdict Form

Finally, Defendant argues that the disjunctive instruction, given without a special jury verdict form for the jury to indicate whether it concluded that Defendant failed to collect or to pay over the taxes, left the parties without the ability to determine "if the jury followed the instruction." Def's Br., p. 8. However, the Court notes that a jury is presumed to have followed the instructions it was given. *See United States v. Newsom*, 452 F.3d 593, 604 (6th Cir. 2006). Additionally, Jury Instruction #31 plainly advised, "It is sufficient that you find that the defendant did just one of those acts [either failed to truthfully account for or failed to pay over the taxes], so long as your decision is unanimous to that particular act." Jury Instruction #31 [docket entry #102]. This specific instruction as to the unanimity requirement on this charge made it sufficiently clear to the jury that Defendant could be convicted by a finding that he violated the statute in either of two ways, but that each juror must agree as to the way that the violation occurred. Such an instruction is not erroneous. *See e.g.*, *United States v. Kimes*, 246 F.3d 800, 810 (6th Cir. 2001). Furthermore, providing a special verdict form as Defendant now suggests would have only been "more productive of confusion than clarity." *Id.* (quoting *United States v. Wilson*, 629 F.2d 439, 444 (6th Cir. 1980)).

### B. Statute of Limitations Ruling

Next, Defendant argues that the Court improperly denied his motion to dismiss Counts 6 through 17 of the indictment. Defendant argued in his pretrial motion to dismiss that these counts should be dismissed based upon the expiration of the statute of limitations. More specifically, Defendant argued that the general three year statute of limitations of 26 U.S.C. § 6531 applied rather than the six year statute of limitations contained in 26 U.S.C. § 6531(4).

Considering the arguments presented, the Court concluded that a six-year statute of limitations applied and that all charges were brought within the statute of limitations. *See* Order Granting Motions to Sever and Denying Motions to Dismiss Counts 6 through 17, pp. 2-7 (July 3, 2007) [docket entry #71]. In so ruling, the court joined "the chorus of courts that have already addressed this issue." *Id.* at p. 6 (citing *United States v. Adam*, 296 F.3d 327, 332 (5th Cir. 2002); *United States v. Gilbert*, 266 F.3d 1180, 1186 (9th Cir. 2001); *United States v. Musacchia*, 900 F.3d 493, 499-500 (2d Cir. 1990); and *United States v. Porth*, 426 F.2d 519, 522 (10th Cir. 1970)). Defendant's present claim fails to add any new analysis to the arguments already presented to, and considered by, the Court. Accordingly, Defendant is not entitled to a new trial on this ground.

### C. Sufficiency of Evidence

Finally, Defendant argues that there was insufficient evidence to establish the elements of Counts 6 through 20. In particular, Defendant asserts that the government failed to prove the willfulness element of 26 U.S.C. § 7202 (willful failure to collect or pay over tax).

Examining the evidence in a light most favorable to the prosecution, the Court concludes that a rational trier of fact could have found the essential element of willfulness beyond a reasonable

doubt. *See Humphrey*, 279 F.3d at 378. A rational trier of fact could have justifiably concluded that Defendant's failure to truthfully account for or pay over taxes was willful. Specifically, the evidence demonstrated that Defendant rebuffed the suggestion of witness Joseph Amon that some company equipment be sold in order to pay the payroll taxes. Furthermore, the Government presented numerous examples that Defendant freely chose to spend corporate funds on non-essential goods and entertainment rather than choosing to pay the taxes in question. Although such evidence is admittedly circumstantial evidence of Defendant's willfulness, "[c]ircumstantial evidence alone, if substantial and competent, may support a verdict and need not remove every reasonable hypothesis except that of guilt." *Id.* (quoting *United States v. Keeton*, 101 F.3d 48, 52 (6th Cir. 1996)). Consequently, Defendant is not entitled to a new trial on this basis.

## IV. Conclusion

After a complete review of Defendant's arguments, the Court concludes that, viewing the evidence in the light most favorable to the prosecution, a rational trier of fact could have found beyond a reasonable doubt that the government established each of the essential elements as to each of the crimes now in question. *See Humphrey*, 279 F.3d at 378. Therefore, the evidence is sufficient to sustain a conviction on each of the counts and Defendant is not entitled to a judgment of acquittal. *See* Fed. R. Crim. P. 29. Furthermore, the interests of justice do not require a new trial.

Fed. R. Crim. P. 33.

**Accordingly**, for all the foregoing reasons, **IT IS HEREBY ORDERED** that Defendant Richard Blanchard's Motion for New Trial and Renewed Motion for Judgment of Acquittal After Return of Jury Verdict [docket entry #110] is **DENIED**.

**SO ORDERED.**

Dated:   August 20, 2008                                        s/Sean F. Cox
                                                                HONORABLE SEAN F. COX
                                                                UNITED STATES DISTRICT JUDGE

---

Certificate of Service

I hereby certify that on   August 20, 2008  , I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:   Richard L. Delonis; Joseph Falcone; Robert E. Forrest; Ricardo J. Lara, Jr.          , and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants:                                                                    .

                                                                s/Ruth A. Brissaud
                                                                Ruth A. Brissaud, Case Manager
                                                                (810) 341-7845